UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

FILED
2013 NOV 25  PM 3:05
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

Gudrun Liste

Plaintiff,

vs.

Cedar Financial/TCM Group USA/

TCM Group Company;

Ken Jordan; Don Underwood; Amir Erez

Defendant(s).

_____/

Case #: 8:13CV3001 T 30 AEP

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**

**THE FAIR DEBT COLLECTION PRACTICES ACT,**

**THE FLORIDA CONSUMER COLLECTION PRACTICES ACT,**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,**

**AND DEMAND FOR JURY TRIAL,**

**AND INJUNCTIVE RELIEF SOUGHT**

COMES NOW, the PLAINTIFF, Gudrun Liste, pro se, respectfully requests this Honorable Court to issue appropriate Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support of the complaint, Plaintiff alleges and shows unto the Court as follows:

1

I

## NATURE OF ACTION

1. This is an action for damages arising from multiple violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.; hereinafter "FCRA"), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.; hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act (Florida Statutes Chapter 559; hereinafter "FCCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to secure recovery of monetary damages for Defendants' violations of the FCRA, the FDCPA, and the FCCPA, and to have an Order or Injunction issued by this Honorable Court preventing the Defendants and other employees, agents, conspirators, and those with actual notice and acting in concert, from engaging, and continue to engage, in false, misleading, deceptive, unfair, and abusive acts and/or practices.

II

## JURISDICTION

3. Jurisdiction of this Honorable Court arises under, and is pursuant to, 15 U.S.C. § 1681p and 15 U.S.C. §1692k (d) and, as to the federal question, 28 U.S.C.§ 1331. This Honorable Courts has pendent jurisdiction, pursuant 28 U.S.C. § 1367, over Plaintiff's State Law, as the Federal and the State claims against Defendants arise from the same common focus of operative fact, and are of such nature that the Plaintiff would generally be expected to try them in one judicial proceeding. This is an action for money damages.

2

## III

## VENUE

4. Venue is proper before this Honorable Court pursuant to 28 U.S.C. § 1391 (b)(2), as the acts giving rise to Plaintiff's action and claims against the Defendants occurred, and were perpetrated, in this district, where Plaintiff resides, and where Defendants transact business.

## IV

## PARTIES

5. Plaintiff, Gudrun Liste (hereinafter "Plaintiff"), is a natural person residing within Hillsborough County, Florida.

6. Plaintiff is a consumer as defined by FCRA 15 U.S.C. 1681a (c), FDCPA 15 U.S.C. § 1692a (3), and FCCPA 559.55 (2).

7. Defendant, Cedar Financial (hereinafter "Defendant CF"), also referred to by its own declaration as TCM Group USA and a TCM Group Company, is a business that uses instruments of interstate commerce, by use of the mails and/or telephone, to facilitate the collecting of debts owed or asserted to be due another and whose primary purpose is the collection of debts as defined by FDCPA 15 U.S.C. § 1692a (5) and FCCPA 559.55 (1). In the course of its business, Defendant CF regularly furnishes information pertaining to consumers to one or all consumer reporting agencies.

8. Defendant's primary place of business is in the State of California. The Defendant CF is registered to do business in the State of Florida with the Division Of Corporation of the Florida Department of State.

9. Defendant CF is a member of the global debt collection network, TCM Group.

10. Defendant CF is a "debt collector' as defined by FDCPA 15 U.S.C. § 1692a (6).

11. Defendants, Mr. Ken Jordan (hereinafter "Mr. Jordan") and Mr. Don Underwood (hereinafter "Mr. Underwood") are employees of Defendant CF, whose primary purpose is the collection of debts. Mr. Jordan and Mr. Underwood were at all times relevant to this complaint by use of instruments of interstate commerce, by use of the mails and telephone, to facilitate the collecting of debts owed or asserted to be due another and as defined by FDCPA 15 U.S.C. § 1692a (5) and FCCPA 559.55 (1).

12. Defendant Mr. Jordan is a "debt collector" as defined by FDCPA 15 U.S.C. § 1692a (6) and FCCPA § 559.55 (6).

13. Defendant Mr. Underwood is a "debt collector" as defined by FDCPA 15 U.S.C. § 1692a (6) and FCCPA § 559.55 (6).

14. Defendant, Mr. Amir Erez (hereinafter "Mr. Erez") is the Founder, President, and Managing Director of Defendant CF, as well as Chairman of TCM Group, whose primary purpose of business is the collecting of debts. Mr. Erez, by and through his executive position, responsibility, and assumed liability, was at all times relevant to

this complaint by use of instruments of interstate commerce, by use of the mails and telephone, to facilitate the collecting of debts owed or asserted to be due another as defined by FDCPA 15 U.S.C. § 1692a (5) and FCCPA 559.55 (1).

15. Defendant Mr. Erez is a "debt collector' as defined by FDCPA 15 U.S.C. § 1692a (6) and FCCPA § 559.55 (6).

16. All Defendants are considered a "person" under the applicable, herein cited laws.

## V

## EXHIBITS TO COMPLAINT

17. There is filed in this matter a separate document entitled "Exhibits to Complaint", the exhibits therein are incorporated, and made a part hereof, in part by way of reference as "Exh.___".

## VI

## FACTS AND GENERAL ALLEGATIONS

18. Defendant CF uses instrumentalities of interstate commerce or the mails in a business whose primary and principal purpose is the collection of any debts, and/or regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another. In the course of its business, Defendant CF regularly furnishes information pertaining to consumers to one or all consumer reporting agencies.

19. The purported account is a "debt", as defined by 15 U.S.C. § 1692a (5) and Florida Statutes § 559.99 (1).

20. On or about February 28th, 2011, Plaintiff received two collection notices, (both dated February 23rd, 2011; hereinafter "Notice A" and "Notice B") from Defendant CF by regular mail. Notice A and Notice B included payment requests and detachable payment vouchers. Notice A and Notice B were mailed in separate envelopes and differed from one another as follows:

-Notice A (Exh. 1) addressed to Gudrun Liste and included Defendant CF's file number 207440, alleged Creditor's (noted to be TCM Germany) account number 3930828-8, and an alleged US Dollar amount of $5,730.18.

-Notice B (Exh. 2) addressed to Gudrun Christa Liste and included Defendant CF's file number 207438, alleged Creditor's (noted to be TCM Germany) account number 3930827-9, and an alleged US Dollar amount of $3,706.17.

21. No other collection notices or dunning letters, neither by the Defendants nor any other party or entity, regarding this alleged debt were ever sent to Plaintiff prior to Notices A and B.

22. Defendant CF did not give Plaintiff any written notice of an assignment of the alleged debt prior to any action to collect, as required by § 559.715 of the FCCPA.

23. During the time of the initial communication and collection activity initiated by and through Notice A and Notice B sent by Defendant CF, as well as the Defendants' subsequent collection activities and the there-from ensued multiple violations of

applicable laws, the Defendant CF was not registered and/or did not have a current registration with the State of Florida Office of Financial Regulation of the Financial Services Commission, as required by § 559.553 and § 559.555 of the FCCPA. (Exh. 9).

24. On February 28th, 2011, Plaintiff's son, Mr. Sven-Marco Liste (hereinafter "Mr. Liste"), on behalf of Plaintiff and with Plaintiff's verbally given authorization, placed a phone call to Defendant CF at the phone number provided on the aforementioned collection notices. After being transferred to the extension of Defendant Mr. Jordan, Mr. Liste repeatedly disputed the Defendant CF's claims made in Notice A and Notice B, clearly discussing both accounts and stating that the Plaintiff never had any business dealings with TCM Germany and the, from Mr. Jordan merely verbally provided, alleged original creditor, Commerzbank. Mr. Jordan undoubtedly had access to, and knowledge of, both of Defendant CF's files of the alleged debt, and therewith also provided the alleged country of origin, alleged original year, and alleged original account numbers of the alleged debt.

Contrary to statements made in a subsequent written correspondence by another employee of Defendant CF, Mr. Alan Fassonaki, Mr. Jordan declared and continued to give the impression to be a member of the Defendant CF's legal department. Furthermore, Mr. Jordan claimed that the Defendant CF would not only reserve its legal rights, but that legal rights would in fact exist and that the accounts would be reported on the Plaintiff's credit reports, without disclosing that the dispute would also be included therewith.

Although the debt and the, by Defendant Mr. Jordan, made claims were repeatedly disputed by Mr. Liste on behalf of the Plaintiff, Mr. Jordan continued to disregard the stated facts and repeatedly ask for payment on the alleged debt.

25. On March 4th, 2011, Plaintiff sent a dispute letter, dated March 1st, 2011 (Exh. 3), to Defendant CF, to the by Mr. Jordan, during the aforementioned phone conversation, provided address. This dispute letter was sent via certified mail, return receipt requested. It was received and signed for at the offices of Defendant CF on March 7th, 2011 (Exh.4). A copy of the dispute letter was also provided to Mr. Jordan via e-mail sent to the, by Mr. Jordan during the aforementioned phone conversation, provided e-mail address (Exh.5).

26. Plaintiff never had a contractual agreement or any business relations with the alleged creditor, TCM Germany, and/or the alleged original creditor, Commerzbank. No subrogation was, or could have ever been, established. Accordingly, the claim by the Defendant CF is ultra vires.

27. Due to the country of origin of the alleged debt and alleged place of business transaction, laws of that country (i.e., Germany) would apply in regard to the validity of the alleged debt. Therefore, Defendant CF's claims are not legitimate, and are in fact ultra vires.

28. During the alleged time of incurrence of the alleged debt, provided by Defendant Mr. Jordan and stated to be the year 2005, Plaintiff was not present in the alleged country of origin (i.e., Germany). As the Plaintiff's passport reflects, Plaintiff did not visit Germany since, and after, the year 2002.

29. At no point in time did the Defendants inform the Plaintiff, and/or anyone acting as Plaintiff's proxy, that the dispute made via phone and in writing was frivolous or

irrelevant, nor did they inform that more information was needed to investigate the dispute. At no time did the Defendants provide, or attempt to provide, verification of the alleged debt.

30. In November of 2011, Plaintiff applied for a personal loan from her house bank requesting the amount of $5,000 intended for the payments of delinquent property taxes due to Hillsborough County. The loan request thereafter was denied via "Adverse Action Notice" (Exh. 6) by the bank, sent to Plaintiff via mail at a later date.

31. On January 8th, 2012, less than two years prior to the date of this complaint, the Plaintiff pulled and reviewed her per annum free credit reports of the three major Credit Reporting Agencies (hereinafter "CRA") and discovered that the Defendant CF, despite Plaintiff's dispute, and in a blatant and deliberate disregard of applicable law, and in making good on the previously made threat by Mr. Jordan, filed and placed one of the accounts (under Defendant CF file number 207438) of the alleged debt on the Plaintiff's credit report on CRA Experian (Exh. 7) and posted an account (under the number 207***) on CRA TransUnion (Exh. 8), with reporting dates and updates dated subsequently to the dispute by Plaintiff. The amounts listed were also increased from the amounts provided on the collection notices. The reports did not contain any indication that the consumer disputed the debt.

32. In connection with the collection of an alleged debt, Defendant CF, via its employee/representative Mr. Underwood, placed phone calls to Plaintiff's residential telephone line. On or about February 14th, 2012 at or about 1.34 p.m., after several other previous attempts causing the Plaintiff's telephone to repeatedly ring, Defendant Mr.

9

Underwood left a message on Plaintiff's answering machine without consideration of the possibility that the message could be overheard by, and therefore would represent a communication with, a third party. The message did not including language and disclosure as required by the applicable laws. The message left by Mr. Underwood is in reference to Defendants CF's file provided in Notice A, and whose exact language is:

> "(....) Hi (....), this call is for (....) Gudrun (....), Mr. Liste [incorrect salutatory address and pronunciation of name], my name is Don Underwood, I am with Cedar Financial. I left messages for you before regarding a matter we have here. You can phone me at this number, 818-936-6201. And when you return the call, Mr. Liste [incorrect salutatory address and pronunciation of name], use reference number 207440."

33. Defendants falsely represented themselves, and the character and legal status of the debt. Notwithstanding the fact that the debt demands by the Defendants were knowingly invalid, once the Plaintiff disputed the claim, the Defendants well knew that there clearly was no lawful and legitimate debt or basis to claim that the Plaintiff owed any debt. Defendants reported an invalid debt to the two CRA, which they knew to be reasonably disputed and without notifying the agencies about the existence of the dispute.

34. Defendants, while acting in their capacities as representative of their employer Defendant CF, conspired to attempt the enforcement of a debt when they had sufficient knowledge that the claim was not valid. Although Defendants had actual knowledge that the debt they were trying to collect is ultra vires, they still conspired to damage Plaintiff's reputation for credit worthiness by reporting the alleged debt to the CRA, and continued the attempt to establish contact with Plaintiff and to collect an invalid debt. In a blatant and deliberate disregard of the applicable laws, Defendants did not provide an

10

appropriate response to the Plaintiff dispute nor did they cease and desist from the collection of the disputed debt.

35. The improper and abusive collection activities (i.e., incl. continuous contacts by phone and the listings to the CRA) placed a great amount of emotional upset, duress, and anguish upon the Plaintiff. The Defendants' conduct and acts were intentional, in reckless disregard of the laws and Plaintiff's rights, and, in their malicious and outrageous nature, were intended to deliberately afflict, abuse, harass, and/or offend the Plaintiff.

36. Accordingly, as a direct and proximate result of Defendants' outrages conduct and acts the Plaintiff suffered both emotional and monetary losses; for instance, having to find, under immense duress, another solution to obtain the funds to pay for delinquent property taxes and to avoid losing her home, with the result of further complications and expenses.

37. On a few occasions, Plaintiff and her attorneys of the provider law firm under the Plaintiff's membership with Legal Shield (formerly Pre-Paid Legal Service), attempted to reconcile and settle the issue with Defendant CF out of court. After written correspondences with Defendant CF, the effort for a resolution and settlement failed, and demands made by, and on behalf of, the Plaintiff were denied and merely countered with unfounded responses, and without any remorse, by the Defendant CF's representatives Mr. Alan Fassonaki and Mrs. Katija Ryder. These correspondences made on behalf of Defendant CF resulted in further research by, and conducted on behalf of, the Plaintiff

and, in turn, led to discovery of additional violations perpetrated by the Defendants, which are herein included in this complaint.

38. Defendant CF unexplainably gained possession of Plaintiff's U.S. Social Security Number, which was recited by Mr. Jordan during the aforementioned phone conversation with Mr. Liste and which was apparently used in the filings to the two CRA. Also, as reflected by Notice B, Defendant CF had knowledge of Plaintiff's middle name. Both, Social Security Number and middle name, would not be requested and/or be used in any legitimate business transaction in the alleged country of origin of the alleged debt. Although raised on different occasions by, and on behalf of, Plaintiff, Defendants have not addressed and/or provided any plausible explanation regarding this matter.

39. To a reasonable person, the Defendants' actions amount to a highly offensive conduct, and as a result of Defendants' violations of the FCRA, FDCPA, and FCCPA, Defendants are legally responsible to the Plaintiff for Plaintiff's actual damages, statutory damages, and cost and fees.

VII

COUNTS

COUNT 1

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681 et seq.

40. The allegations of paragraph 1 through 39 of this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

41. Defendants knowingly, intentionally, and deliberately engaged routinely in numerous acts and/or omissions, which are prohibited by the FCRA, including, but not limited to, one or more of the following:

A) § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]

    (a) Duty of Furnisher of Information to Provide Accurate Information

      (1) Prohibition

        (A) Reporting information with actual knowledge of errors.

        A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

        (B) Reporting information after notice and confirmation of errors

        A person shall not furnish information relating to a consumer to any consumer reporting agency if—

          (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

          (ii) the information is, in fact, inaccurate.

      (3) Duty to provide notice of dispute.

        If the completeness or accuracy of any information furnished by any

person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

B) § 604. Permissible purposes of consumer reports [15 U.S.C. § 1681b]

C) § 605. Requirement relating to information contained in consumer reports [15 U.S.C. § 1681c]

    (c) Running of Reporting Period

D) § 611. Procedures in case of disputed accuracy. [15 U.S.C. § 1681i]

E) § 619. Optaining information under false pretenses [15 U.S.C. §1681q]

    Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both.

## COUNT 2

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

42.   The allegations of paragraph 1 through 39 of this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

43. Defendants knowingly, intentionally, and deliberately engaged routinely in numerous acts and/or omissions, which are prohibited by the FDCPA, including, but not limited to, one or more of the following:

A) § 805. Communication in connection with debt collection [15 U.S.C. 1692c]

   (b) Communication with third parties.

   (c) Ceasing Communication.

B) § 806. Harassment and abuse [15 U.S.C. 1692d]

   (5) Causing a telephone to ring...

   (6) ..., placement of telephone calls without meaningful disclosure of the caller identity.

C) § 807. False or misleading representation [15 U.S.C. 1692e]

   (2) The false representation of-

      (A) the character, amount, and legal status of any debt; or

      (B) any services rendered or compensation ...

   (3) The false representation or implication that an individual is an attorney or ...

   (5) The threat to take any actions that cannot be legally taken...

   (8) Communicating or threatening to communicate...

   (10) The use of any false representation or deceptive means to collect or attempt to collect ...

   (11)    ... and the failure to disclose in subsequent communication that the communication is from debt collector...

D) § 808. Unfair practices [15 U.S.C. 1692f]

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

E) § 809. Validation of debts [15 USC 1692g]

(a) ... a written notice containing -

(5) provide consumer with the name and address of original creditor, ...

(b) If the consumer notifies the collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed ... the debt collector shall cease collection of the debt ...

## COUNT 3

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

Florida Statutes Title XXXIII; Chapter 559; Part VI (ss. 559.55 - 559.785)

44. The allegations of paragraph 1 through 39 of this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

45. Defendants knowingly, intentionally, and deliberately engaged routinely in numerous acts and/or omissions, which are prohibited by the FCCPA, including, but not limited to, one or more of the following prohibited practices under §559.72:

A) §559.72 (3) Tell a debtor who disputed a consumer debt that she or he ... will disclose to another, orally or in writing, directly or indirectly, information

affecting the debtor's reputation for credit worthiness without also informing the debtor that existing dispute will also be disclosed as required by (6).

B) §559.72 (5) Disclose ... information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know ... that the information is false.

C) §559.72 (6) Disclose information concerning the existence of a debt known to be reasonably disputed without disclosure of that fact ...

D) §559.72 (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably expected to harass the debtor or his family...

E) §559.72 (9) ... or assert the existence of some other legal right when such person knows that the right does not exist

F) §559.72 (12) Orally communicating with debtor in a matter that gives false impression or appearance that such person is or is associated with an attorney.

## COUNT 4
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. The allegations of paragraph 1 through 39 of this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

47. Motivated to augment company's profits, and to harm, harass, mislead, and threaten the Plaintiff, Defendants knowingly, deliberately, and acting with unconscionable intent to cause emotional distress, engaged routinely in the foregoing numerous violations, which are part of the Defendants standard practices. and procedures.

## VIII

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests preliminary and permanent relief, enjoining all Defendants and other conspirators from engaging in further violations of the herein cited laws and to cease and desist from the sale and/or transfer to any other party or entity, as well as the reporting to the Credit Reporting Agencies. Plaintiff respectfully further requests judgment for damages against Defendants, for actual, compensatory, and statutory damages as follows:

For violations of the FCRA-

    a) Adjudging that Defendant violated the FCRA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o;

    d) Awarding Plaintiff reasonable costs and fees incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further appropriate equitable relief as the Court may deem just and proper. .

For violations of the FDCPA-

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable costs and fees incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further appropriate equitable relief as the Court may deem just and proper.

For violations of the FCCPA-

    a) Adjudging that Defendant violated the FCCPA;

    b) Awarding Plaintiff statutory damages, pursuant to § 559.77(2);

    c) Awarding Plaintiff actual damages, pursuant to § 559.77(2);

d) Awarding Plaintiff reasonable costs and fees incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further appropriate equitable relief as the Court may deem just and proper

## IX

## JURY TRIAL DEMAND

48. Please take notice that Plaintiff is entitled to, and hereby demands, trial by jury in this action.

*/s/ Gudrun Liste*

Gudrun Liste

1804 Tarah Trace Drive

Brandon, Florida 33510

Phone/Fax: (813) 651-2712