UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

FILED

2014 FEB 18 AM 8:49

Gudrun Liste

Plaintiff,

vs.

Cedar Financial/TCM Group USA/

TCM Group Company;

Ken Jordan; Don Underwood; Amir Erez

Defendant(s).

_____/

Case #: 8:13-cv-3001-T-30AEP

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORENDUM OF LAW

COMES NOW, the PLAINTIFF, Gudrun Liste, pro se, and responds in opposition to Defendant's Motion to Dismiss and shows the Court as follows:

### PREFACE

1. Plaintiff brought this action, on November 26th, 2013, against multiple Defendants for damages arising from multiple violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.; hereinafter "FCRA"), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.; hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act (Florida Statutes Chapter 559; hereinafter "FCCPA"). In said adequately pled action,

1

Plaintiff seeks to secure recovery of monetary damages (including actual, statutory, and compensatory damages) for Defendants' violations of the FCRA, the FDCPA, and the FCCPA. More importantly, Plaintiff seeks to also have an Order or Injunction (Preliminary and Permanent Injunctive Relief) issued by this Honorable Court preventing the Defendants and other employees, agents, conspirators, and those with actual notice and acting in concert, from engaging, and continue to engage, in false, misleading, deceptive, unfair, and abusive acts and/or practices, as well as to cease and desist from the sale and/or transfer to any other party or entity, and well as the reporting to the Credit Reporting Agencies (hereinafter "CRA").

2.  On January 13th, 2014, Defendant Cedar Financial (hereinafter, "Defendant CF") filed, through counsel, a Motion to Dismiss, and has moved to dismiss on four arguments. Under "First", Defendant CF claims that plaintiff's claim under the FDCPA was not timely filed within the Statue of Limitation (SOL). Under "Second", Defendant CF claims that plaintiff's claim under the FCCPA was also not timely filed and that no conduct is stated under the FCCPA claim. Under "Third", Defendant CF claims that Plaintiff has not satisfied the pre-requisites to a private right of action under the FCRA. Under "Finally", Defendant CF claims that Plaintiff has not pled, or could she plead, any sets of facts to support a claim for Intentional Infliction of Emotional Distress (IIED).

## ARGUMENTS

3.  Defendant CF asserts that Plaintiff's complaint fails as a matter of law. However, Defendant CF neglects, omits, misconstrues, and misstates facts - facts that are included in the Plaintiff's complaint. Furthermore, Defendant CF misinterprets case law, and only provides the slimmest and most superficial analysis of the issues, as well as stated facts and

claims, to the Court. Defendant CF seemingly disregards the extent of the clearly stated alleged facts and multiple violations, and appears to only contemplate the, in the complaint, quoted message more closely. Defendant CF does not consider the fact that one action can indeed violate multiple sections of the FDCPA and the FCCPA. Furthermore, some issues included in the motion that the Defendant CF asks this Honorable Court to determine as a matter of law are question of fact, and which cannot be resolved without discovery.

4. As herein discussed, all of the claims are sufficiently set forth in the Plaintiff's complaint, and the stated factual allegations constitute claims for violations of the cited laws and statutes upon which relief can be granted. The complaint also clearly puts the named Defendants on fair notice of what the claim is, and the allegations on which it is based. Plaintiff believes that the complaint fully complies with the law and with the Rules of Federal Civil Procedure. All that is required of a complaint is to plead sufficient factual basis to state claims for infringement of the laws and Plaintiff's rights, by the Defendants, that are plausible on their face, and that Plaintiff requests relief.

5. As further discussed herein, Plaintiff believes that Defendant CF errs in the contention that the claims under, both, the FDCPA and the FCCPA are time barred. Plaintiff believes that the argument fails as it does not consider the FDCPA's and FCCPA's provisions titled, respectively, "Relation to State laws" and "Relationship of state and federal law", with the FCCPA providing and affording the greater protection of a two-year statute of limitation for a consumer to bring a civil action, and being in addition to the requirements and regulations of the federal act. Defendant CF's motion also does not consider the accruel and occurrence of the last element constituting the cause of action, the violations perpetrated subsequently to the receipt of Plaintiff's

dispute letter, and that said element was present, appeared, and could be found - that is, it still occurred - on and after the day of the first discovery by the Plaintiff on January 8th, 2012, the date of retrieval of the credit report. Therefore, the date of commencement of this action is less than, and falls well within, two years after the violations occured. The statue of limitation is not intended to deprive a plaintiff of the use of evidence which falls outside the limit, but rather to ensure that an action is filed within the time limit of the most recent date of a violation. As to any misrepresentations by the Defendant CF, and/or its representatives, made prior to that date, logically and naturally the recipient can only recognize and consider them to be part of the last element constituting a cause of action at the time when the recipient becomes aware or learns of the falsehood of the information provided and/or claimed by the presenter. Additionally, Plaintiff considered the matter closed, which was imparted via the dispute letter, and could not anticipate prior to the discovery of the listings to the two CRA and the succeeding phone calls, that the Defendants would ignore the cease and desist order and covertly continue with collection activities. Plaintiff believes that, beyond the dispute of the alleged debt, there does not exist any duty or responsibility to suspect that the presenter of the information was dishonest. Plaintiff showed due diligence by pulling her credit report of all three CRA as soon as practicable and possible after receipt of the bank's "Adverse Action Notice".

6.  Moreover, the motion does not consider the fact that the Defendant CF did not have a valid registration with the Office of Financial Regulation of the Financial Services Commission (hereinafter, "Office"), which also supports claims for violations of the FDCPA.

7. Defendant CF further asserts that Plaintiff has not satisfied the pre-requisites to a private right of actions under the FCRA. Plaintiff believes that Defendant CF is also mistaking in this instance, as Defendant CF ignores the fact that the violations in form of the listings and updates to the two CRA occurred after the receipt of the dispute letter and without any verification of the alleged debt. And those violations were present, appeared, and could be found (i.e., occurred) on the day of the discovery by the Plaintiff and would, as a matter of fact, continue to occur, and to defame the Plaintiff, until a removal of said derogatory information form the two CRA. Plaintiff's complaint clearly and adequately alleges that the actions taken by the Defendants were malicious and intentional, and were intended to deliberatetly harm the Plaintiff by maliciously publishing a false statement about Plaintiff to third parties. Additionally, the two listings and their updates, were prohibited under other law, as they are collection activities conducted after a cease and desist order was received and no validation of the alleged debt was provided.

8. As to the Defendant CF's assertion that Plaintiff has not pled, nor that Plaintiff could plead, any sets of facts to support a claim for intentional infliction of emotional distress, Plaintiff disagrees, as Defendant again neglects the stated facts and allegation, especially, but not necessarily limited to, those stated in paragraph 35 and 47 of the complaint. Plaintiff strongly believes that this "civilized community" of these United States of America is, first of all, governed by laws and statutes, and, secondly, has established and acknowledged, as well as somewhat accepted, that certain conditions are an integral and often necessary part of ones day to day life. These conditions include those reflected by information listed and included on one or all CRA, with negative information being very detrimental and damaging. In this day and age, the least

sophisticated person, and even any reasonable person, knows that negative information causes not only embarrassment, but also cause emotional distress to anyone relying on a positive reflection of such information, for any reason and at any point in time. This is to be particularly expected of a debt collector and furnisher of information to CRA, who should especially possess such an awareness and understanding of the effects of negative information. As to the extent or degree of such distress, it is dependent on the respective individual and his or her circumstances. In a "civilized community", above all with the presence of certain laws and statutes, the conduct of filing negative information, especially after a dispute was received and when they are known to be false, should be considered "outrageous", "odious", "utterly intolerable", and "to go beyond all bounds of decency". Obviously, this should also be considered true for continuous phone calls and messages that assert a certain right, in particular if those calls are conducted after a prior dispute and a cease and desists order.

9. A dismissal of the case would also deny the Plaintiff the opportunity of discovery, and to perhaps finally receive a sufficient and conclusive explanation on how the Defendants obtained Plaintiff's U.S. Social Security Number and middle name, as well as to receive the requested Injunction against the Defendants.

10. Consequently, the Defendant CF's Motion to Dismiss the complaint should be denied, and the Defendant should be directed to serve an answer to the complaint. In the alternative, plaintiff should be granted leave to amend the complaint in the event that this Honorable Court determines that any essential factual allegations are deficient, and Plaintiff respectfully request leave to do so.

## STATEMENT OF FACTS IN OPPOSITION TO MOTION TO DISMISS

11. Paragraphs 1-16 include facts pertinent to the establishment of the first elements of a cause of action for violations of the cited and applicable laws and statutes.

12. Paragraph 17 under Part V (EXHIBITS TO COMPLAINT) and the therein-included exhibits, which partly were incorporated by way of reference (i.e., by Exh.\_) are to receive attention and consideration.

13. Facts are clearly stated in the complaint in paragraphs 18-39, clearly establishing an important timeline of the events, and stating sufficient factual matter and content in support of the Plaintiff's claim that the Defendants are liable for the stated violations, for which relief may be granted.

14. Paragraphs 1-2 in Part I (NATURE OF ACTION) in connection with parts VI (FACTS AND GENERAL ALLEGATIONS), VII (COUNTS), and VIII (REQUESTED RELIEF) obviously give Defendants a clear notice of what the claim is and the ground upon it rests, and that relief is requested.

15. Definitions under part IV (Parties), which are reiterated in part VI, also support facts as a matter of law, and clearly establish the first elements of a cause of action for violation of the FCCPA and FDCPA, as well establishes that Defendant is a furnisher of information to the CRA.

16. Factual allegations (made by Plaintiff in the complaint) regarding the two letters by Defendant, the dispute letter by Plaintiff sent via mail and e-mail to Defendant CF,

7

and the two CRA filings, are clearly supported by exhibits incorporated by reference within the complaint. However, Defendant CF ignores the facts evidenced by the exhibits.

17. On page 5 under paragraph 25, the complaint states that "On March 4th, 2011, Plaintiff sent a dispute letter, dated March 1st, 2011 (Exh. 3)....", And not ".... plaintiff's son, on her behalf, mailed a dispute letter to Cedar Financial....". The dispute Letter is clearly signed by Plaintiff. The complaint also states when the dispute letter was received and signed for by Cedar Financial (i.e., March 7th, 2011, Exh. 4) and that it was also sent via e-mail to Defendant Mr. Ken Jordan (Exh.5). However, Defendant CF's Motion to Dismiss omits those particular and important facts.

18. Defendant omits first part of the, in the complaint, quoted (verbatim) message, especially the name of the caller, Don Underwood, and also that the call addressed the Plaintiff by first and last name (please see quotation under paragraph 32 on page 10).

19. Defendant also omits the name of the Defendant Mr. Ken Jordan, who is clearly named by name in the complaint, and not just as "a Cedar Financial collector". Also, as stated in the Plaintiff's complaint, particularly in the first sentence of the second part of paragraph 24 (page 7), the fact that Defendant Mr. Ken Jordan was merely a collector of Cedar Financial and not a member of the legal department of Cedar Financial, as was claimed by Mr. Jordan, became only apparent after the receipt of correspondences by Defendant CF (please also see last sentence of paragraph 37, on pages 11 and 12, of the complaint), which were all received during a span of time dated after February of 2012.

20. In the footnote included on page 3 of the Motion to Dismiss, Defendant CF falsely claims that Plaintiff's allegations do not sufficiently establish whether Cedar Financial reported to the two CRA before or after the receipt of the dispute. That claim by Defendant CF can only be considered as blatantly false, as line eight of paragraph 31 clearly states, and as is supported by exhibits 7 and 8, that the listings reflect dates of their reporting and updates, which clearly fall within a period subsequently to the date of the dispute by the Plaintiff; and not as claimed in the Motion to Dismiss, "at some point". Also, to paraphrase Defendant CF, the Motion to Dismiss states that the credit report was pulled several months after the Plaintiff was denied a personal loan. This can only be considered an exaggeration as the date on which the plaintiff pulled, and had the first opportunity to receive her per annum free credit report, was merely a little over a month after the denial was received. In addition, Defendant CF ignores that the following sentences of that same paragraph also state the facts that the amount was increased in each listing and that the dispute of the alleged debt was not included in the listings (which is only mentioned under the IIED heading). Exhibits 7 and 8 also clearly reflect that TCM Germany was listed as the original creditor, which is contrary to the information verbally provided (i.e., not in writing) by Defendant Mr. Ken Jordan. There also still exist discrepancies about the alleged creditor TCM Germany, and its relationship with the Defendants.

21. Defendant CF's assertion that claims under the FDCPA fail as a matter of fact is false, as Defendant CF omits several allegations included in the complaint under letters A-E of paragraph 43 (including remark "including, but not limited to, one or more of the following...."). The preceding paragraph (i.e., 42) clearly re-alleges and incorporates factual allegations made in paragraphs 1-39.

22. The quoted message by Defendant Mr. Don Underwood is the only violation that finds recognition by the Defendant CF under the heading regarding the FCCPA. Defendant claims, under the same heading, that the Plaintiff confused the FDCPA and the FCCPA. First of all, the quoted message was not the only contact or attempted contact (see paragraph 32). Second of all, the communications made and/or attempted by, or on behalf of, Defendant CF constitute separate violations of both the FDCPA and the FCCPA (again, an act can violate multiple sections, which is also the case for the other alleged violations that are not in regard to the quoted message alone). The, by the Defendant CF, cited requirement under 15 U.S.C. § 1692e (11) is included in COUNT 2 under paragraph 43 C which is in regard to the message. The other calls and attempts, together with the cited message, are also included in COUNT 2 under paragraph 43 letters A, B, E.

23. Defendant CF's assertion that claims under the FCCPA fail as a matter of fact is false, as Defendant CF again omits several allegations, included in the complaint under letters A-F of paragraph 45 (including remark "including, but not limited to, one or more of the following...."). The preceding paragraph (i.e., 44) clearly re-alleges and incorporates factual allegations made in paragraphs 1-39.

24. Defendant CF, cites Fla. Stat. § 559.72 (5) in connection with the message left by Defendant Mr. Don Underwood, but ignores the Defendant CF's conveyance of information about the alleged debt by the use of the medium of listing it to the two CRA, and ignores the other violation of the FCCPA by the Defendants, which are clearly stated in the complaint. Furthermore, Plaintiff has not at all alleged that her son should be, in

any way, considered a third party in this instance, as is raised in the second footnote of page 5 of the Defendant CF's Motion to Dismiss. Plaintiff believes that the question of whether any person besides the Plaintiff and/or anyone of the Plaintiff's family members actually heard the message left by Defendant Mr. Don Underwood, is not necessary to be raised at this stage, as not all facts need to be particularized and it should be left for discovery. However, the fact that the message itself, and its nature, is in violation of the laws and statutes (FDCPA and FCCPA) is clearly stated. With consideration of the stated facts, the aspect of a third party possibly having heard the communication, is something that should be, at the very least, considered plausible. Plaintiff also believes that the Defendant CF and/or anyone acting on behalf of the Defendant CF, or anyone engaged in the debt collection business for that matter, should take in consideration that by leaving a message on an answering machine, which can be heard in real time and not only by a person permitted to operate the machine, carries a high possibility that a third party could be present, and hear the message and process the provided information. Defendant Mr. Don Underwood did not just ask for a return call, but included, as a matter of fact, a reference number and stated that it is regarding a matter they have at Cedar Financial, while still failing to include required disclosures under the FDCPA and, more importantly, ignoring the order to cease and desist any contact and collection activity provided with the dispute letter by Plaintiff. Also, Defendant CF fails to recognize that the message cited in the complaint is not the only contact and/or attempt of contact (also clearly affirmed by the Defendant, Mr. Don Underwood, in the cited message). Hence, the message constituted an assertion of a certain right, the communications are not in accordance with the laws, and they are all prohibited as they occurred after the receipt of the dispute and without any verification. They are, along with the other stated violations, to be considered under the claims for both the FDCPA and the FCCPA.

## STANDARD ON A 12(b)(6) MOTION:

27.     The Supreme Court in *Haines vs. Kerner*, 404 U.S. Attorney 519 (1972), and various lower courts held that Courts are to show leniency towards pro se litigations noting that their pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers". See also, *Tannenbaum v. United States*, 148 F.3d 1262 148 F.3d1262, 1263 (11th Cir.1998), stating that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed".

To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC vs. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The plaintiff need not plead particularized facts. Plaintiff only needs to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Neither Rule 8(a)(2) of the Federal Rules of Civil Procedure, nor the Supreme Court's decisions in *Iqbal or Twombly* require anything more. The Eleventh Circuit has confirmed that *Iqbal* did not impose a heightened pleading standard for cases governed by Rule 8(a)(2). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft vs. Iqbal*, U.S., 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). See also, *Twombly*, 550 U.S. at 556. The analysis if a complaint "states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 195. "The complaint must be construed liberally". *Harris vs. Mills*, 572 F.3d 66, 71-72 (2d Cir.2009). "In ruling on the motion to dismiss the district court must accept the well pleaded facts as true and resolve

them in the light most favorable to the plaintiff." *St. Joseph's Hosp., Inc. vs. Hosp. Corp. of America*, 795 F.2d 948, 954 (11th Cir.1986). See also *Tellabs, Inc. vs. Makor Issues & Rights, LTD*, 551 U.S. 308, 322 (2007); *Erickson vs. Pardus*, 551 U.S. 89, 90 (2007); *Leatherman vs. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Zinerman vs. Burch*, 494 U.S. 113, 118 (1990); *Davis vs. Monroe County Bd. of Education*, 526 U.S. 629, 633 (1999) ("we must assume the truth of the material facts as alleged in the complaint"). See also *Hishon vs. King & Spalding*, 467 U.S. 69, 73 (1984); *Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund vs. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001), and *Pisciotta vs. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). A court must also consider "documents incorporated into the complaint by references, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. In order to be "minimally sufficient", "[s]pecific facts are not necessary[,]" the complaint should "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson vs. Pardus*, 551 U.S. 89 U.S. 89, 93, 127 S.Ct. 2197127 S.Ct. 2197, 167 L.Ed.2d 1081167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544550 U.S. 544, 555, 127 S.Ct. 1955127 S.Ct. 1955, 167 L.Ed.2d 929167 L.Ed.2d 929 (2007)) (citing *Conley vs. Gibson*, 355 U.S. 41, 47 (1957)). See also, *Bailey vs. Janssen Pharmaceutica, Inc.*, 288 F. App'x. 597, 603 (11th Cir. 2008); *City of Fort Lauderdale vs. Scott*, 773 F. Supp. 2d 1355, 1362 (S.D. Fla. 2011) ("Under the *Iqbal* standard, a plaintiff must allege facts which put each defendant on notice of the claims against him."). "[A] motion to dismiss does not involve consideration of whether a plaintiff will ultimately prevail on the merits, but instead solely whether the claimant is entitled to offer evidence in support of his claims." *Peter F. Gaito Architecture, LLC vs. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir.2010)(citation and quotation marks omitted). Furthermore, a motion to dismiss will

only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. See *Hishon vs. King & Spalding,* 67 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). Under these standards, the Court should deny this motion and direct the defendant to answer the complaint.

## RELATIONSHIP OF STATE AND FEDERAL LAW:

28.   The relationship between the FDCPA and FCCPA establishes that the FDCPA does not "annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with" the FDCPA See [15 USC 1692n]; See also *Hartman vs. Great Seneca Fin. Corp.,* 569 F.3d 606, 611 (6th Cir. 2009). The cited is also in acccordance with the FCCPA, Fla. Stat. § 559.552 which expressly states that:

> "Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. *This part is in addition to the requirements and regulations of the federal act.* In the event of any inconsistency between *any provision* of this part and *any provision* of the federal act, *the provision which is more protective of the consumer or debtor shall prevail.*"
> (Emphasis added)

Therefore, the FCCPA's goal is to provide the consumer with the most protection possible under either the state or federal law. Furthermore, as the FCCPA's remedies are considered to be cumulative it is established that the legislature also considered dual enforcement. Consequently, an out-of-state debt collector could be subject to the sanctions and enforcement provisions of the FCCPA and the FDCPA. The following Federal District Courts have held that violation of state law may support a federal cause

of action under the FDCPA. See, e.g., *Sibley vs. Firstcollect, Inc.*, 913 F.Supp. 469, 471 (M.D. La. 1995); *Russey vs. Rankin*, 911 F.Supp. 1449, 1459 (D. N.M. 1995); *Kuhn vs. Account Control Tech., Inc.*, 865 F.Supp 1443, 1451-52 (D. Nev. 1994); *Gaetano vs. Payco of Wisc. Inc.*, 774 F.Supp. 1404, 1414-15 n.8 (D. Conn. 1990).

## STATUTE OF LIMITATIONS:

29. Computation of time under F.S. 95.031 states "... the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues. (1) A cause of action accrues when the last element constituting the cause of action occurs."

The Eleventh Circuit has stated that the Statute of Limitation is an affirmative defense, but that it is not required of a Plaintiff to negate such defenses in the Complaint. See, *La Grasta vs. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). A dismissal on grounds of Statute of Limitations "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *Sec'y of Labor vs. Labbe*, 319 F. App'x. 761, 764 (11th Cir. 2008). See also *Tello vs. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (same); *La Grasta*, 358 F.3d at 845 (same); *Omar* ex rel. *Cannon vs. Lindsey*, 334 F.3d. 1246, 1251(11th Cir. 2003) (noting that Rule 12(b)(6) dismissal is appropriate "if noncompliance with the statute of limitations is apparent on the face of the complaint"). Even if the Statute of Limitations were to bar liability for conduct outside the limitations period, to show background and to establish a foundation for other evidence, including to show Plaintiff's vulnerable state of mind and establish the extent of general damages, evidence of pre-limitations period violations should be admissible. *See Padilla*, 161 F.Supp.2d at 273 stating that "[T]he statute of limitations is not intended to deprive plaintiffs of the use of evidence of violations that took place more than a year

before filing."; See also, *Warren vs. Halstead Indus. Inc.* 802 F.2d 746, 753 (4th Cir.1986), stating, "Even where such past discriminatory acts are time-barred for purpose of a particular claim, the Supreme Court has stated that this type of showing 'may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." (citing *United Air Lines vs. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)); See also, *Derrickson vs. Circuit City Stores, Inc.,* 84 F.Supp.2d 679, 685 n. 1 (D.Md.2000) (same).

## PRIVATE RIGHT UNDER FCRA

30. In order for a private right to exist, the FCRA under 15 U.S.C. 1681h (e); requires Plaintiff to allege that Defendant acted maliciously and willfully. Pursuant to 15 U.S.C. §§ 1681h (e), immunities, do not apply when "false information is furnished with malice or willful intent to injure." *Vazquez Garcia,* 222 F. Supp. 2d at 162 (quoting 15U.S.C. § 1681h(e)). See also *Razner vs. Wellington Regional Med. Ctr., Inc.,* 837 So. 2d 437, 442 (Fla. Dist. Ct. App. 2002); *Valencia vs. Citibank International,* 728 So. 2d 330, 330 (Fla. Dist. Ct. App. 1999) (elements of common law defamation claim); *Bermudez vs. Equifax Information Svc.,* Inc., No. 6:07-cv-1492-Orl-31GJK, 2008 Wl 5235161, at *4 (M.D. Fla. Dec. 15, 2008) ("the FCRA preempts any claim for common law defamation based on credit report unless the inaccurate information was furnished with malice or willful intent to injure plaintiff"). See also, *Cf. Buster vs. Equifax Information Svc.,* 435 F. Supp. 2d 471, 480 (D. Md. 2006) ("malice established when the plaintiff disputed the account and the bank was unable to find his credit application but bank continued to present that the plaintiff owned the account"). The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the FCRA against furnishers of information.

WHEREFORE, Plaintiff respectfully requests, for the above and foregoing reasons, this Honorable Court to deny Defendant Cedar Financial's Motion to Dismiss, and/or alternatively, grant leave to amend Plaintiff's Complaint, and such other and further relief as the Honorable Court deems just and proper.

_____
Gudrun Liste
1804 Tarah Trace Drive
Brandon, Florida 33510
Phone/Fax: (813) 651-2712

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18th, 2014, a copy of the foregoing was sent by CERTIFIED MAIL with RETURN RECEIPT REQUESTED and via e-mail to:

Sessions, Fishman, Nathan & Israel, L.L.C.
Attn.: Attorney Dayle M. Van Hoose
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
dvanhoose@sessions-law.biz

_____
Gudrun Liste
1804 Tarah Trace Drive
Brandon, Florida 33510
Phone/Fax: (813) 651-2712

18