## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GUDRUN LISTE, *pro se,*

      Plaintiff,

v.                                     Case No: 8:13-cv-3001-T-30AEP

CEDAR FINANCIAL, KEN JORDAN,
DON UNDERWOOD and AMIR EREZ,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon the Defendant Cedar Financial, LLC's

Motion to Dismiss and Incorporated Memorandum of Law (Dkt. #13) and Plaintiff's

Response in Opposition to the Motion (Dkt. #19). Upon review and consideration, it is the

Court's conclusion that the Motion should be granted.

### *Background*

On November 26, 2013, Gudrun Liste filed this complaint *pro se* against Cedar

Financial, LLC ("Cedar") alleging violations of the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. § 1681, *et. seq.*, the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C.

§ 1692, *et. seq.*, Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §

559.72, *et. seq.*, and intentional infliction of emotional distress ("IIED"). Liste alleges that

Cedar sent her two collections notices for two separate debts on behalf of a company called

TCM Germany on February 23, 2011. Liste disputes the debt and claims this was the first

notice she received regarding these debts. After receiving the notices, she had her son immediately call Cedar to dispute its validity. Cedar's representative, Ken Jordan, insisted that she owed the debt and that if she did not pay it, the debt would be reported to the credit reporting agencies. She wrote a letter further disputing the debt on March 7, 2011, which she sent certified mail return receipt requested, and via e-mail to Ken Jordan. In or around November 2011, Liste applied for and was declined credit through her financial institution. She pulled her credit report on January 8, 2012, and discovered that Cedar had in fact reported the debt to the credit reporting agencies. The amounts listed in the report were much higher than the original amount demanded. Liste's last alleged contact with Cedar was on February 14, 2012, when she received a voicemail message regarding the debt.

## *Discussion*

### I. **Standard for Motion to Dismiss**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to

Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c*); see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

Although the Court may hold a *pro se* litigant to "a less stringent standard," the *pro se* litigant may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. *Municipal Utilities Bd. of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1501 (11th Cir. 1991).

## II.    Cedar's Motion to Dismiss

Cedar moves to dismiss the complaint on the basis that the complaint primarily consists of conclusory allegations and the factual allegations fail to state a claim against Cedar. Further, it argues that Liste's FDCPA and FCCPA claims are barred by the applicable statute of limitations, she failed to allege that she satisfied the conditions

precedent to a private right of action under the FCRA, and she has not pled sufficient facts to support a cause of action for IIED.

### III. Liste's Complaint

For all of the counts in the complaint, Liste relies on the general allegations in paragraphs 1-39 to support causes of actions under the various statutory provisions. The format of the complaint constitutes a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

*See also Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (internal citation omitted); *Pelletier v. Zweifel*, 921 F.2d 1465, (11th Cir. 1991) (describing "quintessential shotgun pleadings" complete with "rambling recitations" and "factual allegations that could not possibly be material" that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted"). The fact that the complaint is a shotgun pleading is a sufficient basis to require Liste to file a more definite statement.

Nonetheless, the Court will address the issues raised in the Motion to Dismiss as to each count of Liste's complaint below.

### a.  Count 1- Violations of the FCRA

Plaintiff alleges that Cedar violated 15 U.S.C. §§ 1681b, 1681c, 1681i, 1681s-2 and 1681q of the FCRA.  The facts stated in the general allegations only support a cause of action under §1681s-2.  The provisions of §1681s-2 require the furnisher of information to consumer reporting agencies to provide accurate information, and prohibits a person from furnishing any information if the person knows, has reasonable cause to believe, or has been notified by the consumer that the information is inaccurate. It also requires that the furnisher notify the reporting agency of the consumer's dispute when reporting the debt.

Cedar argues that Liste fails to state a cause of action under § 1681s-2(a) because no private right of action is available under that subsection. *See Pelcher v. City of Miami*, 944 F. Supp. 2d 1254 (S.D. Fla. 2013) (holding that the duties imposed by the provision of the FCRA requiring furnishers of information to report information accurately to credit reporting agencies and to update and correct the information reported are only enforceable by a government agency or official; no private right of action is available to an aggrieved party.)

Further, the Defendant cannot state a cause of action under § 1681s-2(b) because she did not file a dispute with the credit reporting agency. *Id*. (Plaintiff failed to state a cause of action for violation under § 1681s-2(b) absent allegations that notice was given to the creditor from the consumer reporting agency.) Therefore, the Court must dismiss this count without prejudice. Liste may amend the count to state a cause of action under §

1681s-2(b) to allege sufficient facts to show that she filed a dispute with the credit reporting agency and that Cedar was notified of the dispute and failed to properly investigate the claim.

### b.  Count 2- Violation of the FDCPA

Plaintiff alleges violations of 15 U.S.C. §§ 1692c, d, e, f and g which govern communication with third parties regarding the debt, communication after dispute of the debt, telephone calls without meaningful disclosures of the caller's identity, false representation of the amount and legal status of the debt, claims about being an attorney, threats to take actions that cannot legally be taken, and disclosure that the communication is from a debt collector.

Cedar argues that Liste's claim is barred by the one year statute of limitations since the latest violation asserted by Liste is the phone message on February 14, 2012.  An action to enforce liability under this subchapter must do so within one year from the date on which the violation occurs. 15 U.S.C.A. § 1692k(d). *See also Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210 (M.D. Fla. 2009) (One year statute of limitations period began to run on consumer debtor's FDCPA claim alleging that debt collector contacted him after receiving "cease communications" letter, upon occurrence of collector's alleged violation.)

The Court may dismiss a claim on statute of limitations grounds when it appears on the face of the complaint that the claim is time barred and "only if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 764 (11th Cir. 2008).  Since it is clear on the face of the

complaint that the latest date to which Liste refers regarding Cedar's violations is more than one year from when she filed the complaint, the Court will dismiss this count without prejudice and with leave to amend the allegations to more specifically state any facts that occur within the limitations period or that would support an argument for tolling of the limitations period.

c. **Count 3- Violations of the FCCPA**

Plaintiff also alleges violations under the FCCPA. Liste specifically points to subsections (3), (4), (5), (6), (7), (9) and (12). These subsections prohibit the following: informing the debtor who disputes a consumer debt that he or she will disclose to another information regarding the debtor's creditworthiness without also informing the debtor that he or she will report the dispute as well, disclosing information the furnisher knows is false, disclosing information concerning the existence of a debt known to be reasonably disputed without disclosure of the dispute, willfully communicating with the debtor or any family member with such frequency as to harass the debtor or his family, and orally communicating with a debtor in a way that gives the false impression that the person is associated with an attorney.

A cause of action under the FCCPA may be commenced within two years after the date of the alleged violation. Fla. Stat. § 559.77(4).  The only facts that fall within the limitations period is the February 14, 2012 telephone message. Liste alleges that there were repeated phone calls prior to the message being left. The telephone message stated that the caller was Don Underwood with Cedar, calling regarding a "matter that we have here." He left a phone number to return the call and a reference number. These allegations are

insufficient to sustain a claim under the aforementioned provisions of the FCCPA. The reporting dates of the debts on the credit report are unclear in the pleadings and therefore, Liste has not clearly established that they are within the limitations period. The prior calls included in Plaintiff's general allegations occurred more than two years ago, and therefore cannot serve as a basis for the violations of the FCCPA unless Liste can point to any factual allegations to argue that the Court should toll the limitations period. The Court will dismiss this count without prejudice and with leave to amend the allegations to more specifically state any facts that occur within the limitations period or that would support an argument for tolling of the limitations period.

### d. Count 4- Intentional Infliction of Emotional Distress (IIED)

Plaintiff attempts to state a claim for IIED based on the phone calls and the false reporting of the debt. Generally, Florida recognizes an independent cause of action for IIED. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985). In order to state a cause of action for IIED, the plaintiff must demonstrate that: 1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe. *Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Florida courts have defined "outrageous" to mean "conduct … so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. at 412-413.

Whether the defendant's conduct is outrageous and utterly intolerable in a civilized community is a matter of law for the court. *Id.* Florida federal courts have held that repeated verbal abuse and physical contact are required to satisfy the extreme and outrageous element. *Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, 1310 (M.D. Fla. 2010) *aff'd*, 627 F.3d 833 (11th Cir. 2010) (finding as a matter of law that defendant's conduct of calling 35-40 times over a period of three months was not sufficiently outrageous) (citing *Kent v. Harrison*, 467 So. 2d 1114, 1114–15 (Fla. 2d DCA 1985)).   In cases where Florida state courts have permitted a plaintiff to move forward with an IIED claim, they often involve threats of death, rape, or severe bodily harm to the plaintiff or family members. *See Johnson*, 788 So. 2d at 413; *Nims v. Harrison*, 768 So. 2d 1198 (Fla. 1st DCA 2000) (finding sufficient outrageousness to state an IIED claim where the allegations involved death threats and threats to rape the plaintiff's children and other family relatives). Therefore, the Court concludes that the Plaintiff fails to state a cause of action for IIED and dismisses this claim without prejudice and with leave to amend.

### *Conclusion*

The Court concludes that the complaint should be dismissed without prejudice. Liste may file an amended complaint and assert sufficient facts to allege each cause of action as directed in this Order.

It is therefore ORDERED AND ADJUDGED that:

1.   Defendant's Cedar Financial, LLC's Motion to Dismiss and Incorporated Memorandum of Law (Dkt. #13) is GRANTED.

2.   The complaint is dismissed without prejudice.

3.      Gudrun Liste may file an amended complaint that conforms to this Order

within fourteen (14) days of the date of this Order.

4.      Plaintiff's failure to timely file an amended complaint, should he choose to

do so, shall result in the Clerk being directed to close this case without further

notice.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of March, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3001 mtd 13.docx