# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GUDRUN LISTE,

      Plaintiff,

v.                                 Case No: 8:13-cv-3001-T-30AEP

CEDAR FINANCIAL, KEN JORDAN,
DON UNDERWOOD and AMIR EREZ,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon Defendant Cedar Financial, LLC's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Dkt. 28) (the "Motion"), and Plaintiff's Response in Opposition (Dkt. 31). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

## BACKGROUND

On November 26, 2013, Gudrun Liste ("Liste"), proceeding *pro se,* filed this action against Cedar Financial, LLC ("Cedar") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq*., the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, *et. seq.*, and intentional infliction of emotional distress ("IIED").   Cedar filed a motion to dismiss the Complaint for failure to state a claim upon which relief may be granted on January 13, 2014 (Dkt. 13).   On March 19, 2014, the Court

granted Defendant's motion, dismissing the Complaint without prejudice and allowing Liste to file an amended complaint asserting sufficient facts to allege each cause of action (Dkt. 21).

On May 2, 2014, Liste filed an amended complaint (Dkt. 24) (the "Amended Complaint").  Cedar now moves to dismiss the Amended Complaint on the basis that it suffers from similar defects as the original Complaint.  Namely, Cedar argues that the Amended Complaint fails to state a claim upon which relief can be granted and contains certain claims that are barred by the statute of limitations.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

As with the original Complaint, the Amended Complaint fails to comport with the requirements of the Federal Rules of Civil Procedure.   The Amended Complaint converts

each individual section of the FCRA, FDCPA, and FCCPA that was cited in the original Complaint into separate counts.   None of these twenty-five counts contain any specific reference to the factual allegations meant to support each respective cause of action. Instead, various counts are preceded by a paragraph re-alleging and incorporating by reference paragraphs 1-42 of the Amended Complaint.   These changes exasperate the elements of a shotgun pleading rather than curing them, making it virtually impossible for one to decipher which factual allegations are meant to support which claims.   *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).   Even viewing the Amended Complaint liberally in light of Liste's *pro se* status, it is nevertheless the Court's conclusion that the Amended Complaint should be dismissed as a "shotgun" pleading.   *See Frantz v. Walled*, 513 F. App'x 815, 820 (11th Cir. 2013).

The Amended Complaint also fails to address numerous deficiencies in factual allegations as directed by the Court in its March 19, 2014 Order (Dkt. 21).   While the Amended Complaint includes new allegations that Liste filed an online dispute with two credit reporting agencies, there are no allegations that Cedar was notified of the dispute and failed to properly investigate the claim as required to state a cause of action under § 1681s-2(b) of the FCRA.   *See Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009). Additionally, Liste does not include any factual allegations that would support a claim under any of the other sections of the FCRA cited in the Amended Complaint.   Because of this, the Amended Complaint does not support a cause of action under any of FCRA sections that Liste alleges Cedar violated.

With regard to the causes of action under the FDCPA and FCCPA, Liste has failed to state facts that would support an argument for tolling of the relevant limitations periods. A February 14, 2012 phone message from Cedar remains that only factual allegation that that potentially could be within the limitations period.   However, the additional factual allegations regarding Liste's friend overhearing the February 14, 2012 phone message from Cedar are insufficient to state a third party disclosure claim.   In order to support a cause of action for a third party disclosure claim under the FCCPA, the debtor must show the following elements: "(1) that there was a disclosure of information to a person other than a member of debtor's family, (2) that such person does not have a legitimate business need for the information, and (3) that such information affected the debtor's reputation."   *Heard v. Mathis*, 344 So. 2d 651, 655 (Fla. Dist. Ct. App. 1977).   The Amended Complaint does not contain any allegations that the incident affected Liste's reputation and therefore, Liste has failed to state a claim under § 559.72(5) of the FCCPA.   Because it appears on the face of the Amended Complaint that Liste claims are time barred and because Liste has failed to prove any set of facts that would toll the statute, dismissal is appropriate.   *See Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 764 (11th Cir. 2008).

Finally, Liste has not alleged facts that show that Cedar's actions amounted to conduct that was "extreme and outrageous" under Florida law.   *See Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001).   Therefore, the Amended Complaint cannot support a claim for IIED.   *Id.*   Accordingly, it is the Court's conclusion that the Motion should be granted.   Liste shall be provided a final opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure as directed in this Court's Orders.

It is ORDERED AND ADJUDGED that:

1. Defendant Cedar Financial, LLC's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Dkt. 28) is GRANTED.

2. Plaintiff is provided one last opportunity to file an amended complaint within fourteen (14) days of this Order.   Any further dismissal of any claims based on a motion to dismiss will be with prejudice.

3. This case shall be closed without prejudice and without further notice if Plaintiff does not file an amended complaint that states a viable claim within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of August, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3001 mtd 28.docx