**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GUDRUN LISTE, *pro se,*

    Petitioner,

v.                                                      CASE NO:  8:13-cv-3001-T-30AEP

CEDAR FINANCIAL, KEN JORDAN,
DON UNDERWOOD, and AMIR EREZ,

    Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Cedar Financial, LLC's Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Dkt. #42), Defendant Amir Erez's Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Dkt. #51), and Plaintiff's Responses in Opposition to the Motions (Dkts. #53 and #57). Upon review, the Court concludes that Defendants' motions should be granted in part and denied in part.

The Court provided background information in its two previous Orders granting Defendant's motions to dismiss, *see* Dkts. #21 and #32, and hereby incorporates them into this Order. In this Second Amended Complaint, Plaintiff Gudrun Liste ("Liste") attempts to bring claims under the Fair Debt Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*; the Florida Consumer Collection Practices Act, ("FCCPA"), Fla. Stat. § 559.72; the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*; and for intentional infliction of emotional distress ("IIED").

Defendants Cedar Financial, LLC ("Cedar") and Amir Erez ("Erez") ask the Court to dismiss Liste's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Erez also asks the Court to dismiss the complaint because Liste failed to perfect service on him and failed to establish personal jurisdiction over him. The Court concludes that (1) Liste has failed to state a claim under the FDCPA and the FCCPA and for IIED, (2) Liste has sufficiently stated one claim under the FCRA, and (3) Liste has failed to establish personal jurisdiction over Defendant Erez.

## DISCUSSION

### I. Motion to Dismiss for Failure to State a Claim

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a complaint for failure to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the complaint" and construe them in the light most favorable to the plaintiff. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). Legal conclusions, on the other hand, "must be supported by factual allegations" in order to be cloaked with the presumption of truth. *Aschroft v. Iqbal*, 556 U.S. 662, 664 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Although the Court may hold a *pro se* litigant to "a less stringent standard," the *pro se* litigant is required to conform to the procedural rules and may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss. *Barnes v. Martin County Sherriff's Dept.*, 326 Fed. App'x 533, 534 (11th Cir. 2009); *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

### B. FDCPA Claims

Liste's FDCPA claims are time barred. *See* 15 U.S.C. § 1692k(d) ("An action to enforce liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs."). All of Liste's allegations under the FDCPA relate to events that occurred on February 14, 2012, or earlier. The FDCPA one-year statute of limitations on these claims expired well before Liste filed suit, and these claims must be dismissed as a matter of law.

### C. FCCPA Claims

Liste's claims under the FCCPA pertaining to the events that took place in January 2011 and the credit reports filed in May and August of 2011 are also time barred. *See* Fla. Stat. § 559.77(4) ("An action brought under [the FCCPA] must be commenced within 2 years after the date the alleged violation occurred."). Also, though Liste makes several allegations under the FCCPA that fall within the statutory period, the allegations fail to state a claim. Several of the claims are premised on a voicemail message left by Don Underwood, Cedar's former employee, which Liste's friend allegedly overheard. But by Liste's own admission, the voicemail message made no explicit reference to a debt.

Accordingly, even if somebody overheard the message, it cannot serve as the basis for a claim under the FCCPA. *See* § 559.72(5)—(6).

Liste has also failed to state a claim where she alleges that the defendants violated the FCCPA by willfully communicating with her in an attempt to harass her and that they attempted to enforce a debt they knew was not legitimate. *See* § 559.72(7), (9). Liste has not alleged any facts tending to indicate that the defendants harassed her. Rather, based on the correspondences between Liste and the defendants that Liste attaches to her complaint, it appears that the defendants were reasonably communicating with her in response to her concerns. In the same vein, it appears that once the defendants became aware of Liste's concern about the debt, they tried to resolve the issue - not enforce a debt they knew was illegitimate. Accordingly, Liste's claims under the FCCPA must be dismissed because she has not alleged facts that plausibly give rise to an entitlement to relief.

### D. IIED Claim

Plaintiff's IIED claim continues to fall short of the type of outrageous conduct required to state a claim, therefore it will also be dismissed. *See Oppenheim v. I.C. Sys., Inc.*, 695 F.Supp.2d 1303, 1309 (M.D. Fla. 2012) ("An evaluation of the claimed misconduct must be undertaken to determine, as objectively as is possible, whether it is 'atrocious and utterly intolerable in a civilized community.' . . . That burden falls on the judiciary – it is a matter of law, not a question of fact." (internal citations omitted)). The *Oppenheim* court found as a matter of law that repeated telephone calls did not constitute outrageous behavior, stating that 35-40 "telephone calls to Oppenheim's residence over a period of approximately three months were no more offensive than the 'campaign of

telephonic harassment' which lasted 'for several months' in [another case]." 695 F.Supp.2d at 1310. Similarly, the communication the defendants initiated with Liste does not amount to the type of outrageous behavior sufficient to state a claim of IIED, and this claim must be dismissed.

### *E. FCRA Claims*

While Liste fails to state a claim for IIED and under both the FDCPA and the FCCPA, she has sufficiently alleged *one* claim under the FCRA. Though Liste alleges multiple violations of the FCRA, the only applicable provision is 15 U.S.C. § 1681s-2. *See Jackson v. Genesys Credit Management*, No. 06-61500-CIV, 2007 WL 4181024, at *2 (S.D. Fla. 2007) (noting that § 1681s-2 "is the only part of the FCRA that governs the duties of furnishers of information to the credit reporting agencies."). This section governs claims by consumers, like Liste, against furnishers of information, like Cedar, based on an allegation that the furnisher provided a credit reporting agency ("CRA") with false information. *See Green v. RBS Nat. Bank*, 288 Fed. App'x 641, 642 (11th Cir. 2008).

The FCRA imposes two distinct duties on furnishers. First, under § 1681s-2(a), furnishers are required to submit accurate information to CRAs. But the FCRA does not provide a private cause of action under this subsection. *Green*, 288 Fed. App'x at 642. So Liste's claims under § 1681s-2(a) fail as a matter of law. Second, § 1681s-2(b) requires furnishers to investigate and promptly respond to consumer disputes once they receive notice of a dispute from a CRA.

Although Liste seems to concede that Cedar did investigate and ultimately delete the reference to the debt, she takes issue with the timeliness of Cedar's response. She states

that she filed an online dispute with each CRA on January 8, 2012, had reason to believe the CRA would report her dispute to Cedar, and that the listings were reported until at least June 28, 2012. Liste has sufficiently alleged that Cedar did not comply with its requirement under § 1681s-2(b)'s to *promptly* resolve the issue. *See Shenkman v. Ocwen Loan Servicing, LLC*, No. CV 214-66, 2014 WL 5791060, at *3 (S.D. Ga. 2014) (asserting that a claim under § 1681s-2(b) is facially plausible where a plaintiff alleges he or she filed a dispute with a CRA, had reason to believe that the CRA informed the defendant, and the defendant failed to investigate); *see also Wikert v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00786-J-37JRK, 2012 WL 333787, at *2—*3 (M.D. Fla. 2012) ("[F]or the purposes of deciding this Motion to Dismiss, the Complaint properly alleges that Defendant failed to take appropriate action to investigate and correct the false information within thirty days.").

## II.     Erez's Motion to Dismiss for Insufficient Service of Process

Having concluded that Liste has stated a claim under 15 U.S.C. § 1681s-2(b), the Court must determine whether she has established jurisdiction over Defendant Erez. Erez first petitions the court to dismiss Liste's complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), asserting that she attempted to serve him by having a process server deliver the summons and complaint to Cedar Financial's accounting manager, Rachel Moaddab ("Moaddab") (Dkt. #57, Exhibit 2). Liste unsuccessfully attempted to have Erez served twice at his office before leaving a copy of the summons and complaint with Moaddab (Dkt. #57, Exhibit 1). Erez maintains that Moaddab was not authorized to accept service on him *personally*, and therefore, Liste's service of process was insufficient.

Under Federal Rule of Civil Procedure 4(e), service of an individual defendant may be accomplished by "following state law for serving a summons in an action . . . in the state where the district court is located *or* where service is made." Fed. R. Civ. P. 4(e)(1) (emphasis added). Here, service was made in California. Under the California rules of civil procedure, if the summons and complaint "cannot with reasonable diligence be personally delivered to the person to be served," the summons may be served by leaving a copy of the summons and the complaint at the defendant's usual place of business in the presence of a person apparently in charge of the office. *See* Cal. Code Civ. P. 415.20(b).

Liste complied with California law in this respect, as she attempted to have Erez served personally two times before she had the summons and complaint delivered to Moaddab, a Cedar Financial employee who appeared to be in charge of the office. *See Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1391—92 (Cal. Dist. Ct. App. 1992) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). Thus, under Federal Rule of Civil Procedure 4(e)(2), service of process on Erez was sufficient, and this part of his motion must be denied.

### III.   Erez's Motion to Dismiss for Lack of Personal Jurisdiction

#### 1.  *Standard of Review*

"It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). The determination of personal jurisdiction over an out-of-state

defendant requires a two-part inquiry. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, it must be ascertained whether Florida's long-arm statute provides a basis of jurisdiction. *Id.* Second, it must be determined "whether sufficient minimum contacts exist between the defendants and [Florida] so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id.* (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996)).

Once the plaintiff establishes a prima facie case of jurisdiction, the burden shifts to the defendant to submit contradictory affidavit evidence to challenge jurisdiction. *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. App'x, 779, 783 (11th Cir. 2014). If the defendant does so, "the plaintiff must produce evidence supporting the existence of long arm jurisdiction." *Id. See also Hobbs v. Don Mealey Chevrolet, Inc.*, 642 So. 2d 1149, 1152 (Fla. 5th DCA 1994) ("With regard to the first inquiry, the defendant may file an affidavit contesting the jurisdictional facts on which the complaint is based; and, if the defendant does so, the burden shifts to the plaintiff to present affidavits or other competent proof supporting the jurisdictional allegations of the complaint.").

### *2. Liste has not alleged facts to support personal jurisdiction under Florida's long-arm Statute*

Under Florida's long-arm statute, a person submits himself or herself to the jurisdiction of the Florida courts for any cause of action arising out of certain acts he or she *personally* commits. Fla. Stat. § 48.193(1)(a). These acts include, in relevant part,

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in [Florida].

> 2. Committing a tortious act within [Florida].
> 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within [Florida].
> ….
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
> a. The defendant was engaged in solicitation or service activities within this state; or
> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(1)(a)(1)—(3), (6).

Liste maintains that Erez is subject to this Court's jurisdiction because he is "Founder, President, and Managing Director" of Cedar Financial. But Erez "is not by virtue of his position subject to personal jurisdiction." *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993). "The distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of one's corporation is . . . referred to as the 'corporate shield' or 'fiduciary shield' doctrine." *Id.* (internal citations omitted). The "corporate shield doctrine" provides that acts performed by a person in his or her corporate capacity outside of Florida cannot form the basis for personal jurisdiction in Florida. *Kitroser v. Hurt*, 85 So. 3d 1084, 1088 (Fla. 2012). Unless Erez personally committed any of the actions enumerated in § 48.193, he is not subject to this Court's jurisdiction.

Erez's affidavit states that he did not personally do anything in Florida: he did not personally participate in the collection of Liste's account; he has never owned, leased, or possessed real property in Florida; he does not transact personal business in Florida; he has never committed a tort in Florida, or committed a tort outside Florida that harmed a resident

of Florida; and he has never harmed anyone in Florida (Dkt. #51, Exhibit 1). Liste has not offered any rebuttal evidence to the contrary; in her response, she simply reiterates that by virtue of his position at Cedar Financial, Erez is subject to personal jurisdiction in Florida. But again, this does not suffice, and through his uncontradicted affidavit, Erez has effectively refuted any allegation that he is subject to this Court's jurisdiction. *See Hobbs*, 642 So. 2d at 1152; *see also Doe*, 620 So. 2d at 1006 (finding that a corporation's chief executive officer was not subject to personal jurisdiction in Florida because he did not personally commit any actions giving rise to jurisdiction).

Because Liste has failed to establish that Florida's long arm statute applies to Erez, the Court need not determine whether Erez maintains sufficient minimal contacts in Florida such that the exercise of jurisdiction over him comports with the traditional notions of fair play and substantial justice. Erez's motion to dismiss for lack of personal jurisdiction should be granted.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Amir Erez's Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Dkt. #51) is granted, in part, as stated herein.

2.      Defendant Cedar Financial, LLC's Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Dkt. #42) is granted, in part, as stated herein.

3.      Plaintiff Gudrun Liste's Second Amended Complaint (Dkt. #38) is dismissed without prejudice as it relates to Defendant Amir Erez.

    4.    Counts 1—24 and Count 26 of Plaintiff's Second Amended Complaint (Dkt. #38) are dismissed with prejudice.

DONE AND ORDERED at Tampa, Florida on this 3rd day of February, 2015.

*[Signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3001 motion to dismiss.docx