# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GUDRUN LISTE,

        Plaintiff,

v.                               Case No. 8:13-cv-3001-JSM-AEP

CEDAR FINANCIAL (also termed TCM
GROUP USA and TCM GROUP COMPANY);
KEN JORDAN, in his official and individual
capacity as Employee and Representative of
Cedar Financial; DON UNDERWOOD, in his
official and individual capacity as Employee
and Representative of Cedar Financial;
AMIR EREZ, in his official and individual
Capacity as the Founder, President, and Managing
Director and Representative of Cedar Financial,

        Defendants.

_____/

## DEFENDANT, CEDAR FINANCIAL, LLC'S, ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Cedar Financial, LLC (Cedar Financial), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Second Amended Complaint filed by plaintiff, Gudrun Liste (plaintiff), and states:

## INTRODUCTION

1.    Cedar Financial admits plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act (FCRA), but denies any violations, liability and wrongdoing under the law.  Except as specifically admitted, Cedar Financial denies the allegations in ¶ 1.

2.      Cedar Financial denies the allegations in ¶ 2.

3.      Cedar Financial denies the allegations in ¶ 3.

4.      Cedar Financial denies the allegations in ¶ 4.

5.      Cedar Financial denies the allegations in ¶ 5.

## I

### NATURE OF ACTION

6.      Cedar Financial admits plaintiff purports to bring this action for alleged violations of the FCRA, but denies any violations, liability and wrongdoing under the law.  Except as specifically admitted, Cedar Financial denies the allegations in ¶ 6.

7.      Cedar Financial denies the allegations in ¶ 7.

8.      Cedar Financial denies the allegations in ¶ 8.

## II

### JURISDICTION

9.      Upon information and belief, Cedar Financial admits this Court has jurisdiction over Cedar Financial only.  Except as specifically admitted, Cedar Financial denies the allegations in ¶ 9.

## III

### VENUE

10.      Upon information and belief, Cedar Financial admits venue is proper as to Cedar Financial only.  Except as specifically admitted, Cedar Financial denies the allegations in ¶ 10.

## IV

## PARTIES

11.      Cedar Financial denies the allegations in ¶ 11.

12.      Cedar Financial admits part of its business is the collection of debts owed or due to another and that it uses instruments of interstate commerce, including mail and telephone to do so.   Except as specifically admitted, Cedar Financial denies the allegations in ¶ 12.

13.      Cedar Financial denies the allegations in ¶ 13 as calling for a legal conclusion.

14.      Cedar Financial admits it is registered to do business in the State of Florida with the Division of Corporations of the Florida Department of State.   Except as specifically admitted, Cedar Financial denies the allegations in ¶ 14.

15.      Cedar Financial denies the allegations in ¶ 15 as calling for a legal conclusion.

16.      Cedar Financial denies the allegations in ¶ 16.

17.      Cedar Financial denies the allegations in ¶ 17.

18.      Cedar Financial denies the allegations in ¶ 18.

19.      Cedar Financial admits Mr. Amir Erez is the president of Cedar Financial. Except as specifically admitted, Cedar Financial denies the allegations in ¶ 19.

20.      Cedar Financial denies the allegations in ¶ 20.

21.      Cedar Financial denies the allegations in ¶ 21 as calling for a legal conclusion.

## V

### EXHIBITS TO COMPLAINT

22.    The Exhibits speak for themselves and are the best evidence of their contents.  To the extent that the allegations in ¶ 22 state otherwise, they are denied.

## VI

### FACTS AND FACTUAL ALLEGATIONS

23.    Cedar Financial denies the allegations in ¶ 23.

24.    Cedar Financial denies the allegations in ¶ 24 as calling for a legal conclusion.

25.    The notices speak for themselves and are the best evidence of their contents.  To the extent that the allegations in ¶ 25 state otherwise, they are denied.

26.    Cedar Financial denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27.    Cedar Financial denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28.    Cedar Financial denies the allegations in ¶ 28.

29.    Cedar Financial denies the allegations in ¶ 29.

30.    The dispute letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 30 state otherwise, they are denied.

31.    Cedar Financial denies the allegations in ¶ 31.

32.    Cedar Financial denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33.     Cedar Financial denies the allegations in ¶ 33.

34.     Cedar Financial denies the allegations in ¶ 34.

35.     Exhibit 6 speaks for itself and is the best evidence of its contents.  To the extent that the allegations in ¶ 35 state otherwise, they are denied.

36.     Cedar Financial denies the allegations in ¶ 36.

37.     Exhibits 7 and 8 speak for themselves and are the best evidence of their contents.  To the extent that the allegations in ¶ 37 state otherwise, they are denied.

38.     Cedar Financial denies the allegations in ¶ 38.

39.     Cedar Financial denies the allegations in ¶ 39.

40.     Cedar Financial denies the allegations in ¶ 40.

41.     Cedar Financial denies the allegations in ¶ 41.

42.     Exhibits 23-32 speak for themselves and are the best evidence of their contents.  To the extent that the allegations in ¶ 42 state otherwise, they are denied.

43.     Exhibit 26 speaks for itself and is the best evidence of its contents.  To the extent that the allegations in ¶ 43 state otherwise, they are denied.

44.     Exhibits 31 and 32 speak for themselves and are the best evidence of their contents.  To the extent that the allegations in ¶ 44 state otherwise, they are denied.

45.     Exhibits 31 and 15-22 speak for themselves and are the best evidence of their contents.  To the extent that the allegations in ¶ 45 state otherwise, they are denied.

46.     Exhibit 9 speaks for itself and is the best evidence of its contents.  To the extent that the allegations in ¶ 46 state otherwise, they are denied.

47.     Cedar Financial denies the allegations in ¶ 47.

48.     Cedar Financial denies the allegations in ¶ 48.

49.     Cedar Financial denies the allegations in ¶ 49.

50.     Cedar Financial denies the allegations in ¶ 50.

## VII

## COUNTS

## COUNTS RELATED TO VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

51.     Cedar Financial incorporates the foregoing as if fully stated herein.

52.     Cedar Financial denies the allegations in ¶ 52.

## COUNT I

53.     On February 3, 2015, the Court dismissed Count 1, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 53.

54.     On February 3, 2015, the Court dismissed Count 1, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 54.

55.     On February 3, 2015, the Court dismissed Count 1, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 55.

## COUNT 2

56.     On February 3, 2015, the Court dismissed Count 2, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 56.

57.     On February 3, 2015, the Court dismissed Count 2, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 57.

58.     On February 3, 2015, the Court dismissed Count 2, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 58.

## COUNT 3

59.     On February 3, 2015, the Court dismissed Count 3, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 59.

60.     On February 3, 2015, the Court dismissed Count 3, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 60.

61.     On February 3, 2015, the Court dismissed Count 3, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 61.

## COUNT 4

62.     On February 3, 2015, the Court dismissed Count 4, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 62.

63.     On February 3, 2015, the Court dismissed Count 4, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 63.

64.     On February 3, 2015, the Court dismissed Count 4, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 64.

## COUNT 5

65.     On February 3, 2015, the Court dismissed Count 5, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 65.

66.     On February 3, 2015, the Court dismissed Count 5, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 66.

67.     On February 3, 2015, the Court dismissed Count 5, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 67.

## COUNT 6

68.     On February 3, 2015, the Court dismissed Count 6, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 68.

69.     On February 3, 2015, the Court dismissed Count 6, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 69.

70.     On February 3, 2015, the Court dismissed Count 6, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 70.

## COUNT 7

71.     On February 3, 2015, the Court dismissed Count 7, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 71.

72.     On February 3, 2015, the Court dismissed Count 7, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 72.

73.     On February 3, 2015, the Court dismissed Count 7, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 73.

## COUNT 8

74.     On February 3, 2015, the Court dismissed Count 8, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 74.

75.     On February 3, 2015, the Court dismissed Count 8, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 75.

76.     On February 3, 2015, the Court dismissed Count 8, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 76.

**COUNT 9**

77.     On February 3, 2015, the Court dismissed Count 9, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 77.

78.     On February 3, 2015, the Court dismissed Count 9, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 78.

79.     On February 3, 2015, the Court dismissed Count 9, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 79.

**COUNT 10**

80.     On February 3, 2015, the Court dismissed Count 10, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 80.

81.     On February 3, 2015, the Court dismissed Count 10, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 81.

82.     On February 3, 2015, the Court dismissed Count 10, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 82.

## COUNT 11

83.     On February 3, 2015, the Court dismissed Count 11, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 83.

84.     On February 3, 2015, the Court dismissed Count 11, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 84.

85.     On February 3, 2015, the Court dismissed Count 11, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 85.

## COUNT 12

86.     On February 3, 2015, the Court dismissed Count 12, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 86.

87.     On February 3, 2015, the Court dismissed Count 12, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 87.

88.     On February 3, 2015, the Court dismissed Count 12, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 88.

## COUNT 13

89.     On February 3, 2015, the Court dismissed Count 13, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 89.

90.     On February 3, 2015, the Court dismissed Count 13, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 90.

91.     On February 3, 2015, the Court dismissed Count 13, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 91.

## COUNTS RELATED TO VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLORIDA STATUTES TITLE XXXIII, CHAPTER 559; PART VI (ss. 559.55-559.785)

92.     Cedar Financial incorporates the foregoing as if fully stated herein.

93.     Cedar Financial denies the allegations in ¶ 93.

**COUNT 14**

94.    On February 3, 2015, the Court dismissed Count 14, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 94.

95.    On February 3, 2015, the Court dismissed Count 14, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 95.

96.    On February 3, 2015, the Court dismissed Count 14, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 96.

**COUNT 15**

97.    On February 3, 2015, the Court dismissed Count 15, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 97.

98.    On February 3, 2015, the Court dismissed Count 15, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 98.

99.    On February 3, 2015, the Court dismissed Count 15, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 99.

## COUNT 16

100.    On February 3, 2015, the Court dismissed Count 16, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 100.

101.    On February 3, 2015, the Court dismissed Count 16, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 101.

102.    On February 3, 2015, the Court dismissed Count 16, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 102.

## COUNT 17

103.    On February 3, 2015, the Court dismissed Count 17, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 103.

104.    On February 3, 2015, the Court dismissed Count 17, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 104.

105.    On February 3, 2015, the Court dismissed Count 17, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 105.

## COUNT 18

106.   On February 3, 2015, the Court dismissed Count 18, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 106.

107.   On February 3, 2015, the Court dismissed Count 18, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 107.

108.   On February 3, 2015, the Court dismissed Count 18, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 108.

## COUNT 19

109.   On February 3, 2015, the Court dismissed Count 19, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 109.

110.   On February 3, 2015, the Court dismissed Count 19, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 110.

111.   On February 3, 2015, the Court dismissed Count 19, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 111.

**COUNTS RELATED TO VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
15 U.S.C. § 1681, *et seq.***

112.    Cedar Financial incorporates the foregoing as if fully stated herein.

113.    Cedar Financial denies the allegations in ¶ 113.

**COUNT 20**

114.    On February 3, 2015, the Court dismissed Count 20, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 114.

115.    On February 3, 2015, the Court dismissed Count 20, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 115.

116.    On February 3, 2015, the Court dismissed Count 20, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 116.

**COUNT 21**

117.    On February 3, 2015, the Court dismissed Count 21, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 117.

118.    On February 3, 2015, the Court dismissed Count 21, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 118.

119.   On February 3, 2015, the Court dismissed Count 21, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 119.

## COUNT 22

120.   On February 3, 2015, the Court dismissed Count 22, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 120.

121.   On February 3, 2015, the Court dismissed Count 22, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 121.

122.   On February 3, 2015, the Court dismissed Count 22, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 122.

## COUNT 23

123.   On February 3, 2015, the Court dismissed Count 23, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 123.

124.   On February 3, 2015, the Court dismissed Count 23, and a response is no longer required.   To the extent a response is required, Cedar Financial denies the allegations in ¶ 124.

125.    On February 3, 2015, the Court dismissed Count 23, and a response is no longer required.    To the extent a response is required, Cedar Financial denies the allegations in ¶ 125.

**COUNT 24**

126.    On February 3, 2015, the Court dismissed Count 24, and a response is no longer required.    To the extent a response is required, Cedar Financial denies the allegations in ¶ 126.

127.    On February 3, 2015, the Court dismissed Count 24, and a response is no longer required.    To the extent a response is required, Cedar Financial denies the allegations in ¶ 127.

128.    On February 3, 2015, the Court dismissed Count 24, and a response is no longer required.    To the extent a response is required, Cedar Financial denies the allegations in ¶ 128.

**COUNT 25**

129.    Cedar Financial denies the allegations in ¶ 129.

130.    Cedar Financial denies the allegations in ¶ 130.

131.    Cedar Financial denies the allegations in ¶ 131.

**COUNTS RELATED TO INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

132.    Cedar Financial incorporates the foregoing as if fully stated herein.

133.    Cedar Financial denies the allegations in ¶ 133.

## COUNT 26

134.    On February 3, 2015, the Court dismissed Count 26, and a response is no longer required.    To the extent a response is required, Cedar Financial denies the allegations in ¶ 26.

## IX

## JURY DEMAND

48.    [sic] Cedar Financial admits plaintiff seeks a trial by jury, but denies any violations, liability or wrongdoing under the law.    Except as specifically admitted, Cedar Financial denies the allegations in ¶ 48.

## CEDAR FINANCIAL'S AFFIRMATIVE DEFENSES

1.    To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.    Cedar Financial denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Cedar Financial's purported violations.

3.    One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4.    Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5.     Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Cedar Financial and were beyond the control or supervision of Cedar Financial or for whom Cedar Financial was and is not responsible or liable.

6.     Plaintiff has failed to state a claim against Cedar Financial upon which relief may be granted.

WHEREFORE, Defendant, Cedar Financial, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Rachel A. Morris, Esq.
Florida Bar No. 0091498
Abigail S. Pressler, Esq.
Florida Bar No. 0098072
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2463
Facsimile: (866) 466-3140
dvanhoose@sessions-law.biz
ramorris@sessions-law.biz
apressler@sessions-law.biz

Attorneys for Defendant,
Cedar Financial, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 17th day of February 2015, a copy of the foregoing was filed

electronically in the ECF system and was sent via email and U.S. mail to:

Gudrun Liste
1804 Tarah Trace Drive
Brandon, FL 33510
gliste@aol.com

/s/ Dayle M. Van Hoose
Attorney