UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUDRUN LISTE, *pro se,*

    Plaintiff,

v.                                             CASE NO: 8:13-cv-3001-T-30AEP

CEDAR FINANCIAL, KEN JORDAN,
DON UNDERWOOD, and AMIR EREZ,

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court on Plaintiff Gudrun Liste's Motion for Reconsideration (Dkt. #65) of this Court's February 3, 2015 Order granting, in part, Defendants Cedar Financial and Amir Erez's motions to dismiss (Dkt. #60). Upon review, the Court concludes that Plaintiff's motion should be granted in part.

On February 3, 2015, the Court granted in part Defendant Cedar Financial's ("Cedar") and Defendant Amir Erez's ("Mr. Erez") motions to dismiss Plaintiff Gudrun Liste's ("Ms. Liste") second amended complaint (the "Complaint") (Dkt. #60). In particular, the Court concluded that it lacked personal jurisdiction over Mr. Erez, and that Ms. Liste had failed to state a claim against Defendant Cedar Financial in multiple counts of the Complaint. In its Order, the Court noted that the vast majority of Ms. Liste's claims under Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*; the Florida Consumer Collection Practices Act, ("FCCPA"), Fla. Stat. § 559.72; the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*; and for intentional infliction of emotional distress ("IIED"), were either time barred under the applicable statutes of limitations, not cognizable as a matter of law, or otherwise failed to state a claim. In the instant motion, Ms. Liste requests the Court to reconsider its previous Order in its entirety.

### I. Standard of Review

"The purpose for a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice." *McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394-Orl-19DAB, 2010 WL 2836709, at * 1 (M.D. Fla. July 19, 2010). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F.Supp. 2d 1353, 1359 (M.D. Fla. 2012) (quoting *Lamar Advertising of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 490 (M.D. Fla. 1999)); *see also Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (stating that a Rule 59(e) motion cannot be used to relitigate old matters).

### II. Discussion

Ms. Liste's motion for reconsideration overwhelmingly seeks to re-litigate issues already considered and rejected by the Court in its previous Order. For example, she urges the Court to construe the statute of limitations under the FDCPA and FCCPA as a discovery rule such that her claims are considered to have been brought within the statutory period. Additionally, she asks the Court to reconsider its determination that she failed to allege facts sufficient to constitute a cause of action under the FCCPA and FCRA, as well as with respect to her IIED claims, meanwhile wholly failing to take into account the Court's

reasons for dismissing those claims. The Court finds Ms. Liste's arguments unavailing and declines to permit her to take a second bite at the apple.

However, there is one point that Ms. Liste raises in her motion that merits further discussion. In its previous Order, the Court held Ms. Liste's claims under the FDCPA were barred under the one-year statute of limitations because all of the counts alleged related back to conduct that occurred on February 14, 2012, or earlier. This ruling failed to take into account that Count 10 of the Complaint alleged that the defendants violated 15 U.S.C. § 1692e(11) through a letter sent on January 29, 2013. Upon review, the Court concludes that though Count 10 is not time barred, it still warrants dismissal.

Ms. Liste alleges that the defendants violated the provision of § 1692, which was designed "to eliminate abusive debt collection practices by debt collectors," that holds a debt collector liable for failing to disclose in subsequent communications to the consumer that the communication is from a debt collector. 15 U.S.C. §§ 1692, 1692e(11). The January 29, 2013 letter does not support her allegations that Cedar did not include the required disclosures. *See* Dkt. #38, Exh. 32.

First, the letterhead on which the letter is printed reads: "Cedar Financial; First in Debt Recovery," clearly putting Ms. Liste on notice that the communication is from a debt collector. Further, the substance of the letter sufficiently describes to Ms. Liste the purpose of the communication. In the letter, a Cedar representative informed Ms. Liste that after Cedar received her dispute letter, it looked into the claim, determined that it must be closed, and requested removal of the credit remarks with the credit bureaus. The Cedar representative also conveyed to Ms. Liste that Cedar was rejecting her offer to settle the

matter, ostensibly in response to Ms. Liste's threatened lawsuit. The letter also detailed Cedar's efforts to contact an attorney it had previously believed represented Ms. Liste, but concluded that the attorney did not represent her. Notably, at this point in time, Cedar was no longer trying to collect a debt – it was merely informing Ms. Liste how Cedar dealt with her claims and responding to her request to settle the matter. Accordingly, the Court concludes that Ms. Liste has failed to allege sufficient facts that Cedar's January 29, 2013 failed to include the required disclosures under § 1692e(11).

It is therefore **ORDERED AND ADJUDGED** that Plaintiff Gudrun Liste's Motion for Reconsideration (Dkt. #65) is **GRANTED, IN PART,** as described herein.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of March, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3001 reconsider 65.docx